UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WHITNEY NATIONAL BANK,

    Plaintiff,

v.                             Case No. 8:09-CV-2315-T30-TGW

R&S DEVELOPMENT OF SW FL, LLC,
a Florida limited liability company;
SANDALWOOD BUSINESS PARK, LLC, a
Florida limited liability company; BRIT E.
SVOBODA, individually; MARK K.
RASMUS, individually.

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Whitney National Bank's ("Whitney") Motion for Summary Judgment (Dkt. 16). The defendants failed to respond to the motion. The Court entered an Order to Show Cause on March 15, 2010, requesting that Defendants show cause why the Court should not rule on the motion without a response. Defendants failed to respond to the Order. The Court, having considered the motion without a response, finds that the motion should be granted.

### Background

On June 13, 2007, Whitney and R&S Development of SW FL, LLC ("R&S") executed a Commercial Mortgage Note ("Note") for $4,000,000.00. On the same day, Sandalwood Business Park, LLC ("Sandalwood"), Bret E. Svoboda, and Mark K. Rasmus

each executed separate guaranties to Whitney guaranteeing timely payments and performance of all liabilities and obligations of Defendant R&S to Whitney. Whitney holds the Note and the three guaranties.

According to the Note, payment of the entire principal, interest, and other costs was due by March 29, 2009. R&S failed to pay the entire balance owed as of that date. R&S sent letters to R&S, Sandalwood, Svoboda, and Rasmus on August 7, 2009, demanding the amount owed from the Note to be paid no later than August 17, 2009. No payments were made.

On November 12, 2009, Whitney filed a complaint against R&S (Count I), Sandalwood (Count II), Svoboda (Count III), and Rasmus (Count IV) for breach of contract, and the relief sought is the amount due under the Note and guaranties and costs of collection, including court fees, service of process fees, and reasonable attorneys' fees. In their answer to the complaint, Defendants admitted that they did not make certain payments on time but deny any breach of the contracts.

**Summary Judgment Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be

no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Chelates*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49. This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a question for the fact finder. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

A district court cannot base the entry of summary judgment on the mere fact that a motion for summary judgment was unopposed, but, rather, must consider the merits of the motion. *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam). The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. *Id.* At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact."). In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must "indicate that the merits of the motion were addressed." *Dunlap*, 858 F.2d at 632.

## Discussion

The three requirements for a breach of contract claim are: "(1) a valid contract, (2) a material breach, and (3) damages." *Bland v. Freightliner LLC*, 206 F.Supp. 2d 1202, 1210 (M.D. Fla. 2002). In their Answer, all of the Defendants admit to the existence of valid contracts with Whitney (the Note and the Guaranties), executed on June 13, 2007. Therefore, it is undisputed that valid contracts exist as to each of the Defendants.

Defendants also admitted that "from time to time" they did not make certain payments in accordance with the terms of the Note. (Dkt. 6, ¶ 12 and 16). Non-payment of the amount due under the contracts is a material breach of the contracts. *Clearwater Consulting Concepts, LLP v. Imperial Premium Finance*, No. 09-81042-CIV, 2010 WL 916393, at *2 (S.D. Fla. March 11, 2010). According to the Affidavit of Louis R. Dubos, a Vice President at Whitney, Defendants owe $3,8887,062.66 of the principal, plus interest and late charges. The undisputed facts show that R&S has not paid the amount owed on the Note and none of the guarantors, the other three defendants, have paid the amount owed.

In addition, the Note and Guaranties required ten days written notice before Defendants could be deemed in default. Defendants admitted that they received the August 7, 2009, demand letters from Whitney, which serve as the required notice. Therefore, there is no genuine issue of material fact regarding the breach of contract claims.

According to Dubos's Affidavit, under the terms of the Note, Whitney is owed $3,887,062.66 on the principal, $120,640.50 in interest from April 27, 2009, through June 14, 2010, and $1000 in late fees. In addition, under the terms of the Note and the Guaranties, Whitney is entitled to attorneys' fees from Defendants. Plaintiff's attorney is directed to submit an attorney's fee and costs affidavit with supporting time records and documentation so that the Court may determine the reasonableness of the fees and costs to be paid.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff Whitney National Bank's Motion for Summary Final Judgment (Dkt. 16) is **GRANTED**.

2. The Clerk is directed to enter final judgment in favor of Plaintiff Whitney National Bank and against Defendants R&S Development of SW FL, LLC, Sandalwood Business Park, LLC, Brit E. Svoboda, and Mark Rasmus in the total amount of $4,008,703.16. This final judgment shall bear interest at the appropriate federal rate.

3. Plaintiff's attorney shall submit an attorney's fee and costs affidavit with supporting time records and documentation within twenty (20) days of the entry of this Order.

4. The Clerk shall close this file.

**DONE** and **ORDERED** in Tampa, Florida on June 14, 2010.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-2315.msj 16.wpd